# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>　　　　　　　　　　Plaintiff<br><br>vs.<br><br>AMY CORNELL<br><br>　　　　　　　　　　Defendant(s) | CIVIL NO. 2:24-cv-2954 |

## STIPULATION AGREEMENT

It is agreed that Defendant is granted an extension of time for 90 days to January 31, 2025, in which to file an answer. Plaintiff and Defendant hereby agree that the Complaint in this matter is hereby amended to replace the Certificate of Indebtedness attached as Exhibit "A" to the originally filed complaint with the correct Certificate of Indebtedness attached hereto as Exhibit A.  The parties agree that a facsimile signature shall have the same effect as an original.

　　The Clerk of Court is directed to replace Exhibit A of the Complaint with Exhibit A attached to this stipulation.

10/25/2024
Date

10/24/2024
Date

*Michael McKeever*
_____
Michael McKeever, Esquire
Attorney for Plaintiff

/s/ Paul M. Midzak
_____
Paul M. Midzak, Esquire
Attorney for Defendant

Dated: October 25, 2024

BY THE COURT:

_____
HON. MIA R. PEREZ



DEPARTMENT OF HEALTH & HUMAN SERVICES

Program Support Center

Debt Collection Center

# CERTIFICATE OF INDEBTEDNESS
*NURSE CORPS SCHOLARSHIP PROGRAM*

**Amy Cornell**
**427 Righters Mill Rd**
**Gladwyne, PA 19035**
**REF:**
**SSN:**

**Total debt due United States as of December 31, 2023: $47,759.38 (principal $39,946.54, interest $7,812.84).**

I certify that the Department of Health and Human Services' (HHS) records show that the individual named above is indebted to the United States in the amount stated above. Interest accrues on the principal amount of the debt at the fixed rate of 9.625% per annum. The daily interest accrual is $10.53.

On September 14, 2012, Ms. Cornell entered into contract with the Nurse Corps Scholarship Program (NCSP) Section 846(d) of the Public Health Service Act (42 U.S.C. § 297n(d)).

Subsequently, she received a scholarship award for the 2012-2013 school year. The funds received totaled $49,996 representing tuition, fees, stipends, and other reasonable educational costs.

The award was made upon the condition that she serve one year of obligated service for each year of scholarship support, with a minimum obligation of two years full-time clinical service. Thus she incurred a 2 year service obligation. She did not fulfill her service obligation.

Pursuant to 42 U.S.C. 297n(d)(1), participants agree to serve as nurses for a period of not less than 2 years at a health care facility with a critical shortage of nurses. According to 42 U.S.C. 297n(g), if a participant fails to provide the health services at an approved critical shortage facility, the participant is liable to the Federal Government for the amount of his or her award, and for interest on that amount at the maximum legal prevailing rate. The amount the Federal Government is entitled to recover is due no later than three (3) years from the date of the participant's default.

Following graduation on January 28, 2013, Ms. Cornell requested a six-month extension of the service obligation on July 12, 2013, via email due to the inability to find employment at a HRSA approved site in NYC during Hurricane Sandy. She was granted the extension on the same day via letter until January 28, 2014, at which that time she was required to begin serving her 2-year obligation.

By emails dated June 03, 2014, HHS informed Ms. Cornell that her six-month extension to locate a job at an approved site has expired. She was given 15 days from June 03, 2014, to contact HHS, failure to do so would result in her being recommended for default. Furthermore, on June 12, 2014, she was informed by HHS that since she failed to comply with the requirements regarding the extension, she would be placed into default. Ms. Cornell did not respond to any of HHS correspondence and was therefore placed into default of her contract obligation.

## PAGE 2- CERTIFICATE OF INDEBTEDNESS – AMY CORNELL

She completed zero days of a 730-day service obligation owed under the written contract.

On February 3, 2015, she was notified that she had been placed in default of the conditions of her NHSC scholarship award. She was advised that the debt must be paid within three (3) years from the date of default. Enclosed were instructions for requesting a repayment agreement (RA) if unable to remit the total amount due. She was also advised that failure to make repayment arrangements by the due date would result collection action, including, the referral of her debt to the U.S. Department of Justice (DOJ) for enforced collection.

By multiple letters dated from July 19, 2019, to November 23, 2023, she was advised that her account was delinquent. She was notified of HHS' intent to refer her debt to other Federal agencies for the purpose of administrative offset, which may include Federal tax refund offset, salary offset, wage garnishment, and other Federal or State Agencies payments. She was advised that paying the debt in full or entering into an RA would terminate administrative offset.

By letter dated December 15, 2023, Ms. Cornell was sent a final notice regarding the delinquent debt. She was advised that payment is due immediately, with further instructions to handle the debt.

The following provides a breakdown of payments made on the debt:

| | | |
|---|---|---|
| Voluntary Payments | 04/12/18 to 01/13/22 | $40,198.75 |
| Treasury Offset Payments | 03/26/18 | $4,386.75 |
| Total | | $44,585.50 |

Repeated attempts by HHS have been unsuccessful in establishing an acceptable repayment agreement. The debt is now being referred to the U.S. Department of Justice (DOJ), for enforced collection.

**CERTIFICATION:** *Pursuant to 28 U.S.C. 1746, I certify under penalty of perjury that the foregoing is true and correct.*

_____        Melodie R. Sanders -S  *Digitally signed by Melodie R. Sanders -S*
Date                                                    *Date: 2024.01.08 10:44:54 -05'00'*

Melodie R. Sanders
Chief, Debt Referral Section
Program Support Center
U.S. Department of Health and Human Services